PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JORGE A. COLLAZO, | ) |
|       Plaintiff, | ) CASE NO. 4:11cv1424 <br> ) |
| v. | ) JUDGE BENITA Y. PEARSON <br> ) |
| CORRECTIONS CORPORATION <br> OF AMERICA, | ) <br> ) **MEMORANDUM OF OPINION** <br> ) **AND ORDER** |
|       Defendant. | ) |

*Pro se* Plaintiff Jorge A. Collazo filed this *Bivens*[1] action against Corrections Corporation of America ("CCA"). He also asserts claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131. In the Complaint, Plaintiff alleges that he was placed in a cell that could not accommodate his disability. ECF No. 1. He seeks monetary damages. ECF No. 1 at 15.

---

[1] *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). While Plaintiff cites 42 U.S.C. § 1983, there is no allegation of action under color of state law. Plaintiff is a federal prisoner, in the custody of the Bureau of Prisons. *Bivens* provides federal inmates and detainees with a cause of action analogous to § 1983.

(4:11cv1424)

## I. Background

Plaintiff is a federal prisoner housed at the Northeast Ohio Correctional Center ("NEOCC"), a private prison owned and operated by CCA. He is also a paraplegic confined to a wheelchair. When he arrived at NEOCC, he was placed in a cell that could accommodate his disability.

Plaintiff received two conduct reports in 2010. He contends that he acquired an additional bed sheet, and was charged with a Code 305 offense for receiving property not issued to him through proper channels. He was sanctioned to loss of commissary privileges for 90 days. During the 90 day restriction period, Plaintiff accepted a commissary food item from another inmate. He was charged with a second Code 305 offense. He acknowledged that he did accept the food item, but claimed that the officer was "taking this personal" and proclaimed that it was "not a big issue." ECF No. 1-1 at 1. The Unit Disciplinary Committee reviewed his second violation and recommended a change in living quarters as soon as a bed became available. Plaintiff was moved to a disciplinary cell on December 7, 2010. This cell was not designed to accommodate inmates with disabilities. ECF No. 1 at 2-3.

Plaintiff claims that his new cell housed three inmates when it was constructed to hold only two. A foldable bed was attached to the wall for the additional inmate. Plaintiff states that the cell was very crowded with the additional bed and did not have sufficient space for his wheelchair. When he entered the cell, he was forced to leave his wheel chair by the door. He further contends that the cell did not contain grab bars near the toilet to assist him. ECF No. 1 at 2-3.

Plaintiff was attempting to maneuver around his cell without grab bars or his wheelchair

(4:11cv1424)

on December 8, 2010 and fell backward hitting his head. An ambulance was called and he was taken to an area hospital where he was treated and released. Although no new serious injuries were noted, he continued to complain of neck and back pain. He contends that the institution physician prescribed a muscle relaxant, but it did not alleviate his pain. ECF No. 1 at 3-4.

The Complaint contains two *Bivens* claims and one claim for relief under the ADA. First, Plaintiff contends that moving him as punishment to a cell that did not accommodate his disability violated the Eighth Amendment. He also claims that the conditions in the cell were crowded in violation of the Eighth Amendment. Finally, he claims that the prison did not accommodate his disability under the ADA. ECF No. 1 at 8-14.

## II. Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke,*

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Spruytte v. Walters*, 753 F.2d 498, 500 (6th Cir. 1985), *cert. denied*, 474 U.S. 1054 (1986); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

(4:11cv1424)

490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Ashcroft v. Iqbal , 129 S.Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. Bell Atl. Corp., 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S.Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. Id. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. Bibbo v. Dean Witter Reynolds, Inc., 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

#### A. Bivens Claims

Plaintiff first claims CCA violated his Eighth Amendment rights by subjecting him to overcrowded conditions in a cell not equipped for physically disabled inmates. CCA, however, is not a proper party to a *Bivens* action. *Bivens* provides a cause of action only against individual officers acting under color of federal law alleged to have acted unconstitutionally. Correctional Services Corporation v. Malesko, 534 U.S. 61, 70 (2001). A *Bivens* action cannot be brought against a federal prison, the Bureau of Prisons, or the United States Government. Id. CCA is a private corporation. Because inmates housed in federal correctional institutions cannot bring a *Bivens* action

4

(4:11cv1424)

against the Bureau of Prisons, the Supreme Court declined to extend that cause of action to a corporate entity that owns and operates a private prison housing federal inmates. *Id.* at 74. Plaintiff states these claims only against CCA. Consequently, his Eighth Amendment claims must be dismissed.

### B. Americans with Disabilities Act

Plaintiff next claims that his placement in a disciplinary cell without modifications for disabled inmates violates the Americans with Disabilities Act ("ADA"). The ADA is divided into three sections: Title I which regulates discrimination in the workplace; Title II which prohibits discrimination by public entities; and Title III which prohibits discrimination by private entities in places of public accommodation. None of these sections appears to apply to CCA or the facts of this case.

Title I concerns discrimination in the workplace. Plaintiff is not raising ADA claims in the context of employment. This section clearly does not apply to this case.

Title II is applicable only to public entities. A "public entity" is defined by the ADA as "any department, agency, special purpose district, or other instrumentality" of a state or local government. 42 U.S.C. § 12131(1)(B). A private prison does not qualify as a department or agency of a state or local government and therefore is not a "public entity" under the statute. *Edison v. Douberly,* 604 F.3d 1307, 1308 -13 (11th Cir. 2010); *Castle v. Eurofresh, Inc.,* 734 F.Supp.2d 938 (D.Ariz.2010) (company to which the state contracted out prisoner's labor was not a public entity because contractual relationships between private and government entities are insufficient to render the private entities instrumentalities under Title II); *Gonzalez Jarquin v. Corrections Corp. of America,*

5

(4:11cv1424)

No. CV 308-013, 2008 WL 3285764, *1 (S.D.Ga. Aug.8, 2008)(holding that CCA is not a public entity under Title II); *Maringo v. Warden, Corrections Corp. of America,* No. 07-20639, 2008 WL 2477582, at *1 (5th Cir.2008). Moreover, NEOCC houses federal prisoners under contract with the Bureau of Prisons. Even if CCA could be construed as an "instrumentality" under the statute, it would be considered to be an instrumentality of the federal government. Title II of the ADA is applicable only to state and local governments, not the federal government. *See* 42 U.S.C. §12131(1); *Cellular Phone Taskforce v. F.C.C.*, 217 F.3d 72, 73 (2d Cir. 2000); *Beaird v. Gonzales,* 495 F.Supp.2d 81, 83 (D.D.C. 2007). Accordingly, Plaintiff cannot bring his claim against CCA under Title II.

Finally, a private prison corporation does not fit easily into a cause of action under Title III of the ADA. Title III prohibits discrimination on the basis of disability "in the full and equal enjoyment [...] of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of accommodation." 42 U.S.C. section 12182(a). The phrase "public accommodation" is defined for purposes of Title III in terms of 12 extensive categories of facilities leased or operated by private entities "if the operations of such entities affect commerce." The facilities covered are:

> (A) an inn, hotel, motel, or other place of lodging ...;
> (B) a restaurant, bar, or other establishment serving food or drink;
> (C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;
> (D) an auditorium, convention center, lecture hall, or other place of public gathering;
> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an

(4:11cv1424)

> accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;
> (G) a terminal, depot, or other station used for specified public transportation;
> (H) a museum, library, gallery, or other place of display or collection;
> (I) a park, zoo, amusement park, or other place of recreation;
> (J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;
> (K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and
> (L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

42 U.S.C. § 12181(7); *Maringo*, No. 07-20639, 2008 WL 2477582, at *1. The ADA only regulates non-residential facilities. *American Patriots Advocating for Disabled Rights, Inc. v. Budget Suites of America LLC*, No. 2:09–CV–01528–KJD, 2011 WL 1197531 at *3 (D.Nev. Mar. 29, 2011); *Thompson v. Sand Cliffs Owners Ass'n, Inc.*, No. No. 3:96cv270/RV, 1998 WL 35177067, at *3-5 (N.D.Fla. Mar. 30, 1998.)*; Independent Housing Servs. of San Francisco v. Fillmore Center Assocs.*, 840 F.Supp. 1328, 1344 (N.D.Cal.1993). A jail or prison facility does not constitute a place of "public accommodation" as defined in the applicable statutory provisions. *See Wattleton v. Doe*, No. 10-11969-JGD, 2010 WL 5283287, at *2 (D.Mass. Dec. 14, 2010) (Federal prison does not constitute a place of public accommodation under Title III of ADA); *James v. Federal Bureau of Prisons*, No. 1:04-CV-678, 2008 WL 686419, at *6 (E.D.Tex. Mar. 10, 2008.). Title III does not apply. Therefore, Plaintiff's ADA claim must be dismissed.

7

(4:11cv1424)

### IV. Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

IT IS SO ORDERED.

| | |
|---|---|
| November 30, 2011 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.